UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHASSANDRA RENA JONES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-00338 |
| BRIDGEPOINT EDUCATION, INC. d/b/a ASHFORD UNIVERSITY, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes CHASSANDRA RENA JONES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of BRIDGEPOINT EDUCATION, INC. d/b/a ASHFORD UNIVERSITY, LLC ("Defendant"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 for Defendant's unlawful practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4.  Plaintiff is a 33 year old natural person residing at 1258 Greene Street, Fort Wayne, Indiana, which falls within the Northern District of Indiana.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6.  Defendant is a publicly held, for-profit education services company based in San Diego, California.  Defendant owns Ashford University ("Ashford"), which is a for-profit university that offers associate's, bachelor's and master's degrees in more than 50 programs.  While a majority of students are enrolled in online courses, Ashford's physical campus is located in Clinton, Iowa.  Defendant recruits and services students throughout the country, including in Indiana.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  Starting in approximately November 2015, Plaintiff started receiving phone calls from Defendant to her cellular phone, (601) XXX-8826.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10.  At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 8826.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. When Defendant first started calling Plaintiff, it asked to speak with an individual who she did not know or have any relationship with. *See* Exhibit A.

12. In order to fully advise Defendant that it was calling the wrong person, Plaintiff gave her name and other information. *Id.*

13. Armed with Plaintiff's contact information, Defendant started attempting to solicit her to attend Ashford. *Id.*

14. Plaintiff told Defendant that she was not interested in attending Ashford as she was already pursuing her degree in criminal justice through Ivy Tech Community College of Indiana. *Id.*

15. Despite a conveyed lack of interest, Defendant continued regularly calling Plaintiff's cellular phone for the purpose of soliciting her to further her education through Ashford. *Id.*

16. In addition to the phone calls, Defendant has regularly sent Plaintiff emails soliciting her to further her education through Ashford. *Id.*

17. On several occasions, Plaintiff has advised Defendant that she is not interested in its services and has requested that it stop calling. *Id.*

18. Defendant has continued to call Plaintiff's cellular phone throughout 2016. *Id.*

19. Frustrated over Defendant's continued calls, Plaintiff changed her cellular phone number to (260) XXX-7442 in August 2016.

20. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 7442. Plaintiff is and has always been financially responsible for the cellular phone and its services.

21. After changing her cellular phone number, Defendant started calling Plaintiff on her new number. *Id.*

22. On or around September 13, 2016, Plaintiff received a call from a male representative of Defendant named Jacob Gracia ("Gracia"). *Id.*

23. Frustrated over the new solicitation call from Defendant, Plaintiff disconnected the call from Gracia. *Id.*

24. A short time after the solicitation call, Gracia emailed Plaintiff explaining that Ashford would not close out her file unless she requested that it do so. *See* attached Exhibit B is a true and correct copy of the email from Gracia to Plaintiff.

25. Following the email, Gracia called Plaintiff. During this call Plaintiff reiterated to Gracia that she wanted Defendant to stop calling her. *See* Exhibit A.

26. Gracia apologized and stated he would take Plaintiff's name off Defendant's list. *Id.*

27. Despite Gracia's assurances, Defendant has continued to call Plaintiff's cellular phone, most recently on September 19, 2016. *Id.*

28. When Plaintiff answers calls from Defendant, she experiences a brief pause before being connected to a live representative. *Id.*

29. Defendant calls Plaintiff on an almost daily basis. *Id.*

30. Plaintiff has received not less than 50 calls from Defendant. *Id.*

31. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

32. Plaintiff regularly uses her cellular phone for employment and non-profit work. Defendant's calls have disrupted Plaintiff's work and caused her a great deal of stress. *Id.*

33. Seeking to stop the calls from Defendant, Plaintiff has expended money and purchased applications on her cellular phone to block its numbers. *Id.*

34. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

35. Plaintiff has suffered financial loss as a result of Defendant's conduct.

36. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

37. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

40. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

41. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Defendant originally started calling Plaintiff's cellular phone seeking a different person. Plaintiff maintains that she never gave Defendant consent to use an ATDS to call her cellular phone. However, even if Plaintiff did grant Defendant permission, any consent she *may* have given was explicitly revoked.

42. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CHASSANDRA RENA JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation of Plaintiff.

46. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

47. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

48. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

49. Defendant's solicitation calls towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

50. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified that Plaintiff had no interest in its services. However, Defendant ignored these prompts in an abusive attempt to have Plaintiff attend classes through Ashford.

51. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

52. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

53. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

54. Plaintiff made numerous attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

55. As pled in paragraphs 31 through 37, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, CHASSANDRA RENA JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 21, 2016        Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com