UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHASSANDRA RENA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00338-JVB-SLC |
| | ) |
| BRIDGEPOINT EDUCATION, INC., *doing business as Ashford University LLC*, | ) ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a joint motion (DE 22) by the parties seeking approval of a proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) (DE 22-1). Because the proposed order is inadequate in one respect, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). The proposed order at issue contemplates filing under seal (DE 22-1 ¶ 9), and as such, it requires a higher level of scrutiny.

Here, the proposed order defines the term "confidential" as:

> (a) personnel records, including information derived from personnel records, relating to current and former employees of Defendant, Bridgepoint Education, Inc. d/b/a Ashford University, LLC; (b) proprietary, business related information and material; and (c) material which is otherwise confidential in the sense that disclosure could be harmful or cause competitive disadvantage to a party, its representatives, or those in a business relationship with the party.

(DE 22-1 ¶ 2). Categories (b) and (c), however, do not set forth narrow, demarcated categories of legitimately confidential information. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). Consequently, the Court is not satisfied that the parties know what information constitutes "confidential" material. *See Cincinnati Ins. Co.*, 178 F.3d at 946.

As to category (a), personnel records, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). For example, "there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005). Therefore, this category as written is overbroad.

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Ins. Co.*, 178 F.3d at 945. Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders."

2

*Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

Therefore, the Court DENIES the joint motion for approval of the proposed stipulated protective order (DE 22). The parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 29th day of December 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge