UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHASSANDRA RENA JONES, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 1:16-CV-338 |
| BRIDGEPOINT EDUCATION, INC., d/b/a ASHFORD UNIVERSITY LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Partial Motion to Dismiss Count Two of Plaintiff's Complaint (and brief in support) filed by Defendant Bridgepoint Education (DE 13 and 14). Plaintiff Chassandra Jones filed a response brief in opposition (DE 16) and Bridgepoint filed a reply brief (DE 18).[1] For the reasons discussed below, the motion (DE 13) is **GRANTED** and Plaintiff's claim under the Indiana Deceptive Consumer Sales Act is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted 14 days from the date of this Opinion and Order in which to file an amended complaint to re-plead her claim. If she does not do so the claim will be dismissed WITH PREJUDICE without further proceedings and this case will proceed on

---

[1] Bridgepoint's reply brief was filed on November 29, 2016. Bridgepoint later filed two Notices of Supplemental Authority in support of its motion–the first on March 3, 2017 (DE 26) and the second on May 9, 2017 (DE 29). Jones did not respond to these supplemental "briefs," and so the matter is ripe for resolution and the Court will consider the supplemental authorities submitted by Bridgepoint. Also, when this case was filed it was assigned to Judge Joseph Van Bokkelen in the Hammond Division under a case assignment procedure that has been superseded by the Northern District's General Order 2017-4, which reassigned cases to a judicial officer sitting in the Division in which the case was originally filed. Pursuant to General Order 2017-4, which became effective on May 1, 2017, Chief Judge Theresa Springmann reassigned this case to this Division and this judicial officer for all further proceedings. Order Reassigning Case (DE 27).

Plaintiff's federal claim under the Telephone Consumer Protection Act. This matter will be set for a telephone scheduling conference by separate entry once Bridgepoint files its Answer to Jones' Complaint (or Amended Complaint, as the case may be).

## BACKGROUND

Chassandra Jones filed her Complaint on September 21, 2016 (DE 1), asserting two claims against Bridgepoint. Count I alleges a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Complaint, pp. 5-6. More specifically, Jones alleges in Count I that Bridgepoint violated § 227(b)(1)(iii) of the TCPA, which prohibits solicitors from calling people "on their cellular phone using an automatic telephone dialing system ('ATDS') without their consent." *Id*., p. 5. Jones alleges that representatives of Bridgepoint did just that on numerous occasions even though she repeatedly asked them to stop. In Count II of her Complaint, Jones asserts that Bridgepoint violated the Indiana Deceptive Consumer Sales Act, "I.C. 24-5-0.5-35-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation of Plaintiff." *Id*., p. 6. It is this second count that Bridgepoint is asking the Court to dismiss (the motion does not challenge Count I–the federal TCPA claim). Bridgepoint argues that Jones fails to state a cognizable claim under the IDCSA and that the claim must be dismissed under Federal Rule 12(b)(6). Defendant's Brief, generally.

## STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th

Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

Bridgepoint does not deny (at least for present purposes) that its representatives made calls to Jones for the purpose of selling its online education programs.[2] Still, Bridgepoint argues that "Count II of Plaintiff's Complaint, for violation of the Indiana Deceptive Consumer Sales Act . . . fails to state a claim upon which relief can be granted and should be dismissed because Plaintiff has not alleged that she complied with the statutory requirements of the [Act]." Defendant's Brief, p. 1. Specifically, Bridgepoint contends that Jones failed to provide written notice of her complaints prior to filing suit and that her Complaint fails to establish (or even allege) that "any of Bridgepoint's alleged conduct [was] incurable." *Id*. (The word "incurable" is a legal term of art in this context, as discussed below.) Absent evidence that Jones complied with the statutory pre-suit notice requirements, or evidence that Bridgepoint's conduct was incurable

---

[2] Bridgepoint states that it "is an accredited online university offering programs across many industries and fields including business, education, health, and liberal arts." Defendant's Brief in Support, p. 2.

3

(which would provide Jones with an exception from the written notice requirement), her state law claim has no legal foundation, according to Bridgepoint. *Id*. This argument regarding the written notice requirement is rendered moot though, since Jones concedes in her response brief that she "has clearly and properly plead that [Bridgepoint] committed an *incurable* deceptive act under the IDCSA. As such, Plaintiff is not required to give Defendant any notice, whether written or otherwise, before commencing the instant proceedings." Plaintiff's Response, p. 2 (italics in original). Consequently, the only issue before the Court is whether Jones pleaded sufficient facts to state a plausible claim against Bridgepoint for having committed an incurable deceptive act as that term is defined in the statute and applied in applicable case law. The Court agrees with Bridgepoint that Jones' Complaint fails to state such a claim and must be dismissed.

The recent cases cited by Bridgepoint in its two notices of supplemental authority are on point and illustrate why Jones' state law IDCSA claim must be dismissed. First, the applicable law, which was summarized by the district court in *Davis v. Contactability.com*:

> The IDCSA "provides remedies to consumers and the attorney general for practices that the General Assembly deemed deceptive in consumer transactions." *McKinney v. State*, 693 N.E.2d 65, 67 (Ind. 1998). The IDCSA "provides for two kinds of actionable deceptive acts: 'uncured' deceptive acts and 'incurable' deceptive acts." *Id.* at 68. To bring a claim for an uncured deceptive act under the IDCSA, a plaintiff must provide "not only a complete description of the actual damage suffered, but also a description of the alleged deceptive act . . . so that the supplier has an opportunity to correct the problem." *A.B.C. Home & Real Estate Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1262 (Ind.Ct.App. 1986). *See also* Ind. Code § 24-5-0.5-5(a). Davis admits that she seeks redress only for alleged incurable deceptive acts. . . .
>
> An incurable act is done "as part of a scheme, artifice, or device with intent to defraud or mislead." Ind. Code § 24-5-0.5-2(a)(8). "Intent to defraud or mislead is thus clearly an element of an incurable deceptive act." *McKinney*, 693 N.E.2d at 68. The allegedly deceptive act "may be committed where the facts evince an intent to mislead. That is misleading which tends to lead astray or into error; to

4

guide wrongly." *McCormick Piano & Organ Co., Inc. v. Geiger*, 412 N.E.2d 842, 849 (Ind.Ct.App. 1980) (internal quotation marks omitted).

*Davis v. Contactability.com, LLC*, 2017 WL 413290, at *2-3 (S.D. Ind. Jan. 31, 2017). The court then examined Davis' complaint and held as follows:

> Contactability argues that Davis' IDCSA claim fails to allege an intent to defraud or mislead and therefore cannot be considered an incurable act. The Court agrees. Davis does not allege that Contactability attempted to defraud or mislead her in the sale of insurance or that she was somehow misinformed about the services that Contactability attempted to offer her. Rather, her Complaint describes the calls as frustrating and constituting harassment. . . . This is not sufficient to state a claim under the IDCSA.
>
> Davis claims that Contactability's method of calling individuals through an automated system violates the TCPA, which by itself is considered a deceptive act under the IDCSA. *See* Ind. Code § 24-5-0.5-3(b)(19). But Davis ignores the prerequisite language in determining a deceptive act: "the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: ... (19) The violation by a supplier of [the TCPA]." *Id.* In the instant case, Davis has not alleged any oral or written representations made by Contactability. Cf. *Berghausen v. Microsoft Corp.*, 765 N.E.2d 592, 598 (Ind. Ct. App. 2002) (plaintiff's failure to allege oral or written representations by the defendant results in dismissal of IDCSA claim). The IDCSA "was enacted to prevent those who regularly engage in consumer sales from making false or misleading statements about their goods or services." *Captain & Co. v. Stenberg*, 505 N.E.2d 88, 94 (Ind.Ct.App. 1987). Davis has failed to make any claim regarding products offered by Contactability, let alone allege how such statements lead her "astray or into error." *McCormick*, 412 N.E.2d at 849 (internal quotation marks omitted). Because Davis does not plead sufficient facts to demonstrate that Contactability's phone calls were made with an intent to defraud, her IDCSA claim must fail.

*Id*. at *3. The result was the same in *Eha v. Bridgepoint Education, Inc.*, the case cited in Bridgepoint's second notice of supplemental authority, in which the court held as follows:

> Here, Plaintiff fails to allege that Bridgepoint intended to defraud or mislead her in any way. But even if she did, her Complaint lacks the requisite particularity of [Fed.] Rule 9(b). *Jasper v. Abbott Labs, Inc.*, 834 F.Supp.2d 766, 773 (N.D. Ill. 2011) (dismissing IDCSA claim for an incurable deceptive act because the plaintiff's complaint 'does not satisfy the who, what, where, and when of the

> alleged fraud"). Specifically, Plaintiff does not allege who she spoke with, what was specifically said, and how she relied on those representations. Instead, she describes the calls as harassing. . . . Accordingly, Plaintiff's claim under the IDCSA must be dismissed.

*Eha v. Bridgepoint Education, Inc.*, 1:17-CV-96 (S.D. Ind. May 3, 2017), p. 3.

Bridgepoint is correct that Jones' IDCSA claim fails for the same reasons discussed in *Davis* and *Eha*, at least as it is currently presented in her Complaint. Jones makes the following relevant statements and assertions:

1) "Starting in approximately November 2015, Plaintiff started receiving phone calls from Defendant to her cellular phone[,]" that "continued . . . throughout 2016." Complaint, pp. 2-3.

2) Bridgepoint was "attempting to solicit [Jones] to attend Ashford[,]" even though she told them "that she was not interested . . . as she was already pursuing her degree in criminal justice through Ivy Tech Community College of Indiana." *Id*., p. 3.

3) Despite Jones' repeated requests to be removed from Bridgepoint's call list, "Defendant continued regularly calling Plaintiff's cellular phone for the purpose of soliciting her to further her education through Ashford." *Id*.

4) Jones changed her cell phone number but the calls continued on her new cellular phone line. *Id*.

5) That "[o]n or around September 13, 2016, Plaintiff received a call from a male representative of Defendant named Jacob" who promised to remove Jones' name from the company's call list but, according to Jones, never did so. *Id*., p. 4.

6) That "Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact

Plaintiff. . . . Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior." *Id.*, p. 7.

These factual assertions are insufficient to state a claim under the IDCSA for two reasons. First, Jones' factual assertions, like those presented by the plaintiffs in *Davis* and *Eha*, constitute a complaint for harassing phone calls in violation of the TCPA but not a deceptive or fraudulent act in violation of the IDCSA. Just like Davis and Eha, Jones fails to even allege the "who, what, where, and when of the alleged fraud." She does not state any facts at all that demonstrate that she expressly relied, to her detriment, on any statements or representations made by Bridgepoint's phone solicitors. Not only that, but the only such assertion she makes in that regard is assumptive and conclusory. She claims that Bridgepoint "*intended to harass* Plaintiff into submission . . ." and "*engaged in illegal behavior* during its solicitation[s.]" (italics added). Jones cannot base a claim on her subjective belief about Bridgepoint's intent or her conclusory statement that its conduct was illegal. A plaintiff asserting a claim for an incurable deceptive act under the IDCSA must present facts to show what the fraudulent or deceptive act was, when and how it was committed, and how plaintiff relied on said deceptive act to her detriment. Jones' Complaint does none of that and must be dismissed as a result. *See Lyons v. Leatt Corp.*, 2015 WL 7016469, at *4 (N.D. Ind. Nov. 10, 2015) ("Because an incurable deceptive act requires an intent to defraud, the Plaintiff must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Jasper v. Abbott Labs, Inc.*, 834 F.Supp.2d 766, 773 (N.D. Ill. 2011) ("Without actual written notice . . . [plaintiff] may only recover . . . for an incurable deceptive

act, which requires that she satisfy Rule 9(b)'s heightened pleading standard."). In the context of Rule 12(b)(6), Jones' allegations regarding her IDCSA claim fail "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

One final point. In both the *Davis* case and the *Eha* case the courts dismissed the plaintiffs' state law claim without prejudice and afforded the plaintiffs 14 days to file an amended complaint; if no amended complaint was forthcoming, the state law claim would be dismissed *with* prejudice. *See Davis*, 2017 WL 413290, at *3; *Eha*, p. 3. In *Davis*, the plaintiff did amend her complaint to re-plead her claim under the IDCSA, but the case settled a few days later. In *Eha*, the plaintiff did not attempt to amend her complaint and that case remains pending only on the plaintiff's federal TCPA claim. The Court also notes that in both *Davis* and *Eha*, the plaintiffs were represented by the same attorneys representing Jones in this case (and Bridgepoint's counsel defended the *Davis* case). This Court will do likewise and afford Jones an opportunity to amend her Complaint to state a claim under the IDCSA. If she chooses not to do so within 14 days of the date of this Opinion and Order her state claim will be dismissed with prejudice without further notice and this case will proceed only on Jones' federal TCPA claim. *Lyons v. Leatt Corp.*, 2015 WL 7016469, at *4 (citing *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a motion to dismiss; rather, they generally dismiss claims without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss")).

## CONCLUSION

For the reasons discussed above, the Partial Motion to Dismiss Count Two of Plaintiff's Complaint filed by Defendant Bridgepoint Education, Inc. (DE 13) is **GRANTED** and Plaintiff's claim under the Indiana Deceptive Consumer Sales Act is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted 14 days from the date of this Opinion and Order in which to file an amended complaint to re-plead her claim. If she does not do so the claim will be dismissed WITH PREJUDICE without further proceedings and this case will proceed on Plaintiff's federal claim under the Telephone Consumer Protection Act. This matter will be set for a telephone scheduling conference by separate entry once Bridgepoint files its Answer to Jones' Complaint (or Amended Complaint, as the case may be).

Date: June 5 , 2017.

/s/ William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana